**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Europe R. Colbert,

Plaintiff,

v.

Cash Money Records, Inc., *et al.*,

Defendants.

______________________________/

Case No. 26-13674

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

**OPINION AND ORDER DISMISSING THE CASE**

Plaintiff Europe R. Colbert initiated this *pro se* lawsuit with a complaint dated September 28, 2026. (ECF No. 1.) She filed an amended complaint on November 3, 2026 against a slew of Defendants, including Cash Money Records, Inc.; Cash Money Records' "executive leadership, and associated enterprise artists"; Bryan "Birdman" Williams; Ronald "Slim" Williams; Dwayne Carter Jr. (a/k/a "Lil Wayne"); Aubrey Drake Graham (a/k/a "Drake"); Onika Tanya Maraj-Petty (a/k/a "Nicki Minaj"); Limp Bizkit; and others." (ECF No. 14, PageID.42–43.) Plaintiff also filed an application to proceed without prepaying fees or costs (also referred to

as proceeding *in forma pauperis*) (ECF No. 6), which the Court granted. (ECF No. 9.)

Because Plaintiff has been granted permission to proceed *in forma pauperis*, the Court must screen her complaint to see if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

For a federal court to preside over a case, it must have subject matter jurisdiction. Subject matter jurisdiction is a threshold matter in all federal cases. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (stating that there is no "doctrine of 'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its

jurisdiction is in doubt"). Challenges to a court's subject matter jurisdiction can happen at any point in the suit and can be raised by a party or the court. *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990)).

"Federal courts have subject matter jurisdiction over cases that raise a federal question, *see* 28 U.S.C. § 1331, or are between parties of diverse citizenship and involve an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332." *Christenberry v. White*, No. 20-6349, 2021 WL 5983815, at *1 (6th Cir. July 2, 2021) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 5013 (2006)).

Here, Plaintiff claims that the Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based on her claims that the complaint "arises under federal statutes, including Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Federal Wiretap Act, 18 U.S.C. § 2520, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962." (ECF No. 14, PageID.44.) She further claims that the Court has supplemental jurisdiction over her state-law claims pursuant to 28 U.S.C. § 1367, "as they derive from a common nucleus of operative fact." (*Id.*) But her complaint still fails.

As set forth above, 28 U.S.C. § 1915(e)(2)(B)(i) instructs courts to dismiss a case proceeding in forma pauperis if the court determines that the action "is frivolous." A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327–28). "Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept 'fantastic or delusional' factual allegations as true in [*pro se*] complaints that are reviewed for frivolousness." *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citations omitted).

The Court concludes that Plaintiff's complaint is frivolous because it lacks an arguable basis in fact or law. Among other allegations in her complaint, Plaintiff alleges that: "Defendants acted individually, in concert, and as part of an association-in-fact enterprise, commercializing audio-visual works derived directly from Plaintiff's private communications, personal narrative, and protected identity without authorization or consent"; "Unlawful electronic surveillance devices and

hidden cameras were covertly installed within Plaintiff's private residence located in Warren, Michigan"; "Defendants incorporated explicit details of Plaintiff's private home surveillance footage and real-time residential activities directly into commercially released musical tracks from 2025 through 2026, including but not limited to 'I Don't Want To Die Tonight' / 'I Don't Want To Die Yet' (2026), 'Shake Ya Booty Muscles' (2026), and all newly released songs across Lil Wayne's latest album release";[1] "Defendants further weaponized Plaintiff's financial condition and loss of retirement funds in commercial releases, including lyrics stating 'Bitch, you was stuntin' when you had a check / Now look at you now, drinkin' Milwaukee Best,' directly referencing and mocking Plaintiff's retirement check and economic harm caused by Defendants' actions"; "Defendants and their co-conspirators . . . maliciously generat[ed] the widespread, false public representation and rumor that Plaintiff is deceased"; and "Following Plaintiff's online publication of

[1] Plaintiff claims that a "representative, non-exhaustive list of the commercial tracks and album releases containing unauthorized surveillance details, misappropriated identity, and defamatory content is attached hereto and incorporated by reference as Exhibit A ('Index of Commercial Works & Infringing Track List')." (ECF No. 14, PageID.45.) But there is no Exhibit A attached to the amended complaint, original complaint, or anywhere else on the docket as far as the Court can discern.

media featuring two white vehicles, Defendants intentionally filmed and disseminated competing audio-visual works explicitly featuring two white vehicles and downtown Detroit rooftop settings . . . to commercially mirror, mock, and capitalize on Plaintiff's private activities." (ECF No. 14, PageID.45–47.) Plaintiff alleges ten different causes of action, ranging from violations of the Lanham Act to defamation per se to civil conspiracy. (*Id.* at PageID.47–52.) Plaintiff seeks "an order compelling Defendants to publish a formal, prominent public retraction and corrective statement confirming that Plaintiff is alive and formally retracting all false and defamatory assertions, including allegations regarding HPV," "civil monetary assessments, forfeiture of proceeds, and three-fold (treble) damages pursuant to 18 U.S.C. § 1964(c) of the Racketeer Influenced and Corrupt Organizations Act (RICO)," and various other remedies. (*Id.* at PageID.52–53.)

Plaintiff's allegations are implausible. The factual allegations are difficult to comprehend and appear facially delusional or nonsensical. Accordingly, the Court dismisses the case as frivolous under 28 U.S.C. § 1915(e)(2)(B). Any amendment would be futile, so the Court dismisses the case without prejudice. *See Nishawi v. Ne. Ohio Corr. Ctr.*, 628 F.

App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, and leave to amend should be denied if the amendment would be futile." (citations omitted)).

For the reasons set forth above, the case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff's complaint is frivolous, the Court certifies that an appeal of this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (explaining that an appeal is not taken in good faith if the issue presented is frivolous). Therefore, the Court denies Plaintiff leave to appeal in forma pauperis if she seeks an appeal. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: November 10, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager